UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO:

WELLS FARGO BANK, N.A.,

Plaintiff,

v.

1 LUXURY CONTRACTORS LLC and
ACADEMY PROFESSIONAL SETTLEMENT SERVICES

Defendants.
_______________________________________________/

**COMPLAINT FOR INTERPLEADER**

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned attorneys and pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1332, 1335 and 2361, sues Defendants, 1 Luxury Contractors LLC ("1 Luxury") and Academy Professional Settlement Services ("APSS") (1 Luxury and APSS shall collectively be referred to herein as the "Claimant Defendants"). In support thereof, Wells Fargo states as follows:

**NATURE OF ACTION**

1. This interpleader action arises out of a dispute between the Claimant Defendants concerning a March 27, 2026 wire transfer in the amount of $339,916.85.

2. Specifically, the subject wire was sent from APSS' Univest Bank and Trust Co. account to 1 Luxury's Wells Fargo account.

3. The Claimant Defendants are alleging entitlement to and/or are refusing to release the wire proceeds, which are presently being held and restrained in 1 Luxury's account at Wells Fargo.

4. Wells Fargo, as a disinterested stakeholder, seeks to interplead the disputed, restrained funds into the Court Registry to allow the Claimant Defendants to litigate their respective claims to the restrained funds amongst themselves.

**PARTIES**

5. Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

6. 1 Luxury is a Florida limited liability company with its principal place of business in Lehigh Acres, Florida. Upon information and belief, all members of 1 Luxury reside in and are citizens of Florida. Accordingly, 1 Luxury is a citizen of Florida.

7. APSS is a Pennsylvania limited liability company with its principal place of business in West Chester, Pennsylvania. Upon information and belief, all members of APSS reside in and are citizens of Pennsylvania. Accordingly, APSS is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

8. Wells Fargo brings this interpleader action pursuant to 28 U.S.C. §§ 1335 and 2361, because there is diversity of citizenship between 1 Luxury and APSS, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

9. Wells Fargo also brings this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Wells Fargo and the Claimant Defendants, and the amount of controversy exceeds $75,000.00, exclusive of interest and costs.

10. Venue is appropriate in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District. More specifically, the funds at issue were wired to a Wells Fargo bank account with a customer/statement address in Lehigh Acres, Florida.

11. Venue is also appropriate in the Middle District of Florida, and this Court has jurisdiction over the parties, pursuant to 28 U.S.C. § 1335 and 2361, which grants district courts authority to issue nationwide service of process in statutory interpleader actions, and because at least one of the Claimant Defendants is a citizen of and resides in the state of Florida.

## FACTS COMMON TO ALL CLAIMS

12. At all times material hereto, 1 Luxury maintained a Wells Fargo Navigate Business Checking Account (Account No. XXXXXX7337; the "WF 1 Luxury Account").[1]

13. At all times material hereto, Larry Lara ("Lara")[2] is/was the sole authorized signer on the WF 1 Luxury Account.

14. At all times material hereto, APSS maintained an account at Univest Bank Trust Co. (Account No. XXXXXX5005; the "Univest APSS Account").

15. On March 27, 2026, the WF 1 Luxury Account received a wire transfer from the Univest APSS Account in the amount of $339,916.85 (the "Wire").

16. 1 Luxury proceeded to use, withdraw and/or transfer a portion of the Wire proceeds, including but not limited to the following transactions: (a) a $100,000.00 wire on March 27, 2026 to a JP Morgan Chase account purportedly belonging to A&J Luxury Customs, Inc. – a company that, upon information and belief, is owned by and/or affiliated with Lara; (b) a $5,000.00 Zelle on March 27,

---

[1] The WF 1 Luxury Account is an interest-bearing account. Accordingly, the account balance may fluctuate slightly over time.

[2] Upon information and belief, Lara may also be known by the following names: Larry Kenneth Lara; Joseph Kenneth Reyes; Joseph Reyes; Kenneth Reyes; and Joseph Kenneth Lara Reyes. In opening the WF 1 Luxury Account, Lara identified himself as "Larry Lara." The Articles of Organization filed with the State of Florida for 1 Luxury identifies 1 Luxury's manager as "Larry K. Lara" and is signed by "Larry Kenneth Lara."

2026 to "Amairani" and (c) two Zelle transfers on March 30, 2026, totaling $5,000.00, to "Joseph Reyes."

17. Wells Fargo subsequently: (a) received a recall request for the Wire from APSS based on alleged fraud; and (b) restrained the WF 1 Luxury Account, which remains restrained.

18. The current restrained balance in the WF 1 Luxury Account is **$229,939.84** (the "Restrained Proceeds").[3]

19. Despite repeated requests, 1 Luxury, through its sole authorized signer (Lara), has refused to allow Wells Fargo to debit the WF 1 Luxury Account and return the Restrained Proceeds to APSS subject to the terms of the applicable Wells Fargo Deposit Account Agreement.

20. Accordingly, there is now a dispute as to which of the Claimant Defendants are entitled to the Restrained Proceeds.

21. Wells Fargo now seeks to interplead the Restrained Proceeds into the Court Registry to allow the Claimant Defendants to make their respective legal claims to the Restrained Proceeds.

22. The relationship between Wells Fargo and 1 Luxury relative to the WF 1 Luxury Account (where the Restrained Proceeds are restrained) is currently

[3] The WF 1 Luxury Account is an interest-bearing account, so the account balance will change slightly from month to month.

governed by the Wells Fargo Deposit Account Agreement effective July 28, 2026 (the "WF Account Agreement"), a true and correct copy of which is attached hereto as **Exhibit A.**

23. Wells Fargo has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

24. Wells Fargo is entitled to recover its reasonable attorneys' fees and costs in this action pursuant to the WF Account Agreement and applicable law.

25. All conditions precedent to recovery have been performed, waived or have occurred.

**COUNT I - INTERPLEADER**

26. Wells Fargo realleges paragraphs 1 through 25 above as if more fully set forth herein.

27. At this time there exist rival, adverse and conflicting claims between the Claimant Defendants as to the Restrained Proceeds.

28. Wells Fargo claims no interest in the Restrained Proceeds and has done nothing to create the dispute over entitlement to the Restrained Proceeds.

29. By reason of the conflicting claims to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit the Restrained Proceeds without the aid of this Court.

30. Wells Fargo is ready, willing, and able to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

**WHEREFORE**, Plaintiff, Wells Fargo Bank, N.A., respectfully requests the following relief:

A. That this Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds with the Registry of the Court;

B. That this Court issue an order requiring the parties to the above-styled cause to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

C. That Wells Fargo be discharged from all liability to any of the parties to this action concerning Wells Fargo's obligations related to the Restrained Proceeds, the Wire, the WF 1 Luxury Account and the Univest APSS Account;

D. That the Claimant Defendants be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees, and servants, regarding the Restrained Proceeds, the Wire, the WF 1 Luxury Account and the Univest APSS Account;

E. That Wells Fargo, pursuant to the WF Account Agreement and applicable law, be awarded its costs and reasonable attorneys' fees, to be paid from the Restrained Proceeds, for bringing this action;

F. That Wells Fargo be dismissed as a party to this action; and

G. For such other and further relief as this Court deems just, equitable, and proper.

Dated: August 17, 2026
West Palm Beach, Florida

FOX ROTHSCHILD, LLP
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, Florida 33401
Telephone: (561) 804-4418
Facsimile: (561) 835-9602

By: *_/s/ Seth B. Burack_*
Seth B. Burack (Fla. Bar. No. 68360)
sburack@foxrothschild.com

*Attorneys for Plaintiff, Wells Fargo Bank, N.A.*