UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WELLS FARGO BANK, N.A.,

Plaintiff,

v. Case No.: 2:26-cv-2375-SPC-KRH

1 LUXURY CONTRACTORS LLC and ACADEMY PROFESSIONAL SETTLEMENT SERVICES,

Defendants.

---

**OPINION AND ORDER**

Before the Court is Plaintiff Wells Fargo Bank, N.A.'s Complaint. (Doc. 1). As outlined below, the Court dismisses without prejudice Plaintiff's complaint for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). Plaintiff seeks to bring this interpleader action under 28 U.S.C. § 1335, which requires only minimal diversity—diversity of citizenship between two adverse claimants. (Doc. 1 ¶ 8). It also alternatively brings this action under 28 U.S.C. § 1332, which requires complete diversity.

(*Id.* ¶ 9). Either way, the parties' respective citizenship is central to this Court's jurisdiction.

Defendants 1 Luxury Contractors LLC and Academy Professional Settlement Services are both limited liability companies. (*Id.* ¶¶ 6–7). As such, they are citizens of every state in which one of their members are domiciled. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). When dealing with a limited liability company, it is necessary to "drill down into the 'ownership flow chart'" to determine citizenship. *CityPlace Retail, LLC v. Wells Fargo Bank, N.A.*, No. 20-11748, 2021 WL 3486168, at *3 (11th Cir. July 15, 2021). This is the case no matter how many layers are involved. *Purchasing Power, LLC v. Bluestem Brands, LLC,* 851 F.3d 1218, 1220 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

Plaintiff has not identified Defendants' members, much less informed the Court of the citizenship of such members. It only alleges that "upon information and belief," all members of 1 Luxury are Florida citizens, and all members of Academy Professional are Pennsylvania citizens. (Doc. 1 ¶¶ 6–7). But these allegations are insufficient. "[T]he Complaint must identify each of

the [LLC's] members and their citizenship." *Accident Ins. Co., Inc. v. V&A Drywall & Stucco, Inc.*, No. 2:20-CV-00407-SPC-MRM, 2020 WL 3128861, at *1 (M.D. Fla. June 12, 2020) (finding insufficient an allegation that "upon information and belief, each and every member of PLATINUM is a resident of Florida"); *see also Rolling Greens*, 374 F.3d at 1022 (explaining "a party must list the citizenships of all the members of the limited liability company"). Because Plaintiff fails to do so, the Court's jurisdiction is uncertain.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.
2. Plaintiff may file an amended complaint on or before **September 3, 2026**. **Failure to do so will cause the Court to close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record